IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-02296-MSK-CBS

ANIKKA SINGLETON,

    Plaintiff,

v.

WAL-MART STORES, INC., a Delaware corporation,

    Defendant.

---

**ORDER REMANDING CASE**

---

THIS MATTER comes before the Court *sua sponte* upon consideration of Defendant's Petition for Removal (**#1**).

The Plaintiff commenced this action in the Colorado District Court for Adams County. In her Complaint, the Plaintiff alleges that she was wrongfully terminated in July 2009 for filing a workers compensation claim and that such termination is against Colorado public policy. The Complaint identifies no statute nor other legal authority upon which she brings her claim nor does it specify what relief she desires. The Complaint states that she has lost income and benefits and has suffered from emotional distress, but it does not quantify her losses.

The Defendant seeks removal based upon diversity jurisdiction pursuant to 28 U.S.C.§1332. The Defendant contends that the requisite amount in controversy ($75,000.00) can be inferred from the factual allegations in the Complaint together with facts in its Petition. In its Petition, the Defendant observes that the Plaintiff was a full-time employee making $26,524 per year, and that an award of emotional distress damages pursuant to C.R.S. 13-21-102.5 is capped at $250,000.

Having reviewed the Complaint and the Petition for Removal, the Court finds that no sufficient showing of the requisite amount in controversy has been made. In *McPhail v. Deere*

*& Co.*, 529 F3d 947 (10th Cir. 2008), the Tenth Circuit addressed the showing that is necessary upon removal in order to demonstrate that the amount in controversy in a civil action exceeds $75,000 for purposes of diversity jurisdiction.  When removing an action, a defendant must prove federal jurisdictional facts by a preponderance of the evidence, and the Court is limited to the facts stated in the state court Complaint and Notice of Removal.

Here, the Complaint does not specify the relief that the Plaintiff seeks, much less quantify her losses.  The facts stated in the Notice of Removal add little.  In some circumstances, a statement with regard to the Plaintiff's compensation might lead to an inference that the amount in controversy exceeds $75,000, but here the Plaintiff's annual compensation is a fraction of the requisite amount in controversy, and the termination occurred only 90 days ago.  The Defendant also speculates both as to the legal premise for an award of damages based on emotional distress and that the statutory cap of $250,000 might come into play.  There are simply no facts to suggest that the Plaintiff intends to rely upon the statute cited by the Defendant, nor to indicate the award she seeks.   As a result, any inference that the amount in controversy in this action exceeds $75,000 would be wholly speculative.

**IT IS THEREFORE ORDERED** that pursuant to 28 U.S.C. § 1447(c) this action is **REMANDED** to the District Court from which it was removed.

DATED this 5th day of November, 2009.

                                         **BY THE COURT:**

                                         Marcia S. Krieger
                                         United States District Judge